IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES ERIC LOFTEN | § | |
| | § | |
| V. | § | C.A. NO. C-05-383 |
| | § | |
| DOUG DRETKE | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS ACTION

This lawsuit purports to be a habeas action filed by a state prisoner. For the following reasons, it is recommended that this action be dismissed.

### Background

James Eric Loften is a Texas state prisoner currently incarcerated at the McConnell Unit in Beeville, Texas. On June 9, 2005, Loften filed on a preprinted form a "Petition for a Writ of Habeas Corpus by a Person in State Custody" with the United States District Court for the Eastern District of Texas, Beaumont Division. (D.E. 1). On July 5, 2005, the Beaumont court transferred the action to this Court. (D.E. 3). In his memorandum opinion regarding venue, the magistrate judge noted that Loften was challenging his conditions of confinement, and that his petition "should be construed as a civil rights action." (D.E. 2, at 2).

In his petition, Loften claims that the United States Government, the United States Postal Service, and certain prison wardens have conspired to deny him

access to the courts, and have, in fact, denied him access to the courts by denying him legal supplies. He also complains that he has been denied *in forma pauperis* (i.f.p.) status in certain federal proceedings, in violation of his right of access to the courts. He seeks to be transferred off the McConnell Unit and for all missed court deadlines to be reinstated.

## Discussion

Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. See Cook v. Texas Dep't of Crim. Justice, 37 F.3d 166, 168 (5th Cir. 1994). A habeas petition is the proper vehicle to seek release from custody. See Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir. 1989). The Fifth Circuit has adopted a bright-line rule for resolving whether a prisoner's claim is properly characterized as a § 1983 claim, or one for habeas relief: If a favorable determination would not automatically entitle the prisoner to accelerated release, the proper action is a § 1983 suit. Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997).

In this case, a favorable determination of Loften's alleged claims would not result in a speedier release. His claims of conspiracy and denial of access to the courts are maintained properly, if at all, in a § 1983 proceeding, subject to screening

under 28 U.S.C. § 1915A.[1]

Loften is an abusive litigant with over three strikes against him, such that he is prohibited from proceeding i.f.p. in civil cases. See 28 U.S.C. § 1915(g). It appears that he has attempted to circumvent this prohibition by styling his case as one for habeas corpus relief. As such, it is respectfully recommended that this action be dismissed without prejudice to Loften refiling this action as a § 1983 complaint, should he so desire, and upon payment of the full filling fee.

Respectfully submitted this 2nd day of September 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

---

[1] Loften has raised similar claims in C.A. No. C-05-191, that is currently pending before this Court. Because he is a three-strikes litigant, Loften was denied i.f.p. status and instructed to pay the full filing fee. He has failed to do and that action may be dismissed for failure to prosecute.

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C), and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).