IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES ERIC LOFTEN | § | |
| | § | |
| v. | § | C.A. NO. C-05-383 |
| | § | |
| DOUG DRETKE | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DENY CERTIFICATE OF APPEALABILITY

This lawsuit purports to be a habeas action filed by a state prisoner. For the following reasons, it is respectfully recommended that petitioner-appellant be denied a certificate of appealability ("COA").

### A.    Factual And Procedural Background.

James Eric Loften is a Texas state prisoner currently incarcerated at the McConnell Unit in Beeville, Texas. On June 9, 2005, he filed on a preprinted form a "Petition for a Writ of Habeas Corpus by a Person in State Custody" with the United States District Court for the Eastern District of Texas, Beaumont Division. (D.E. 1). On July 5, 2005, the Beaumont court transferred the action to this Court. (D.E. 3). In his memorandum opinion regarding venue, the magistrate judge noted that petitioner was challenging his conditions of confinement, and that his petition "should be construed as a civil rights action." (D.E. 2, at 2).

In his petition, petitioner claims that the United States Government, the United States Postal Service, and certain prison wardens have conspired to deny him access to the courts, and have, in fact, denied him access to the courts by denying him legal supplies.  He also complains that he has been denied in forma pauperis status in certain federal proceedings, in violation of his right of access to the courts.  He seeks to be transferred from the McConnell Unit and for all missed court deadlines to be reinstated.

**B.    Analysis Of Petitioner's Claims.**

Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures.  See Cook v. Texas Dep't of Crim. Justice, 37 F.3d 166, 168 (5th Cir. 1994).  A habeas petition is the proper vehicle to seek release from custody.  See Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir. 1989).  The Fifth Circuit has adopted a bright-line rule for resolving whether a prisoner's claim is properly characterized as a § 1983 claim, or one for habeas relief: if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper action is a § 1983 suit.  Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997) (citation omitted).

In this case, a favorable determination of petitioner's alleged claims would not result in a speedier release.  His claims of conspiracy and denial of access to

the courts are maintained properly, if at all, in a § 1983 proceeding, subject to screening under 28 U.S.C. § 1915A.

Petitioner is an abusive litigant with over three strikes against him, such that he is prohibited from proceeding in civil cases in forma pauperis. See 28 U.S.C. § 1915(g). It appears that he has attempted to circumvent this prohibition by styling his case as one for habeas corpus relief.

Consequently, a memorandum and recommendation was issued recommending that this action be dismissed without prejudice to petitioner refiling this action as a § 1983 complaint, should he so desire, and upon payment of the full filling fee. (D.E. 14). An order was issued adopting that recommendation, and final judgment was entered. (D.E. 19, 20). Petitioner filed a notice of appeal. (D.E. 23).

**C.   Certificate Of Appealability.**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a motion seeking a certificate of appealability, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A

district court may <u>sua sponte</u> rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. <u>United States v. Jones</u>, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon <u>Slack</u>, 529 U.S. at 483).

As to claims that a district court rejects solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether

the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484 (emphasis added).

Here, it is respectfully recommended that reasonable jurists could not debate the denial of petitioner's § 2254 petition on substantive or procedural grounds nor find that the issues presented are adequate to deserve encouragement to proceed. <u>Miller-El</u>, 537 U.S. at 327 (citing <u>Slack</u>, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability as to his claims.

Respectfully submitted this 8th day of September 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 8(b) of the Rules Governing § 2254 Cases; Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).